**UNITED STATES OF AMERICA**                                                    **PLAINTIFF**

**v.**

**MARRESSA LAVONDA HILL**                                                    **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Defendant, Marressa Lavonda Hill's, Motion to Declare Mandatory Minimum Sentence Unconstitutional (DN 47). Plaintiff, United States, has filed a response (DN 48). Defendant has filed a reply (DN 50). This matter is now ripe for adjudication. For the following reasons, Defendant's motion is DENIED.

## BACKGROUND

The defendant, Marressa Lavonda Hill, is charged with conspiracy to possess with intent to distribute 50 grams or more of crack cocaine (Count 1) in violation of 21 U.S.C. §§841(b)(1)(A)(iii) and 846; distribution of 50 grams or more of crack cocaine (Count 2) in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(A)(iii); and distribution of 5 grams or more of crack cocaine (Count 3) in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(B)(iii). (DN 1.)

As set forth in the Presentence Investigation Report, Defendant faces a mandatory minimum sentence of 10 years pursuant to 21 U.S.C. §§841(b)(1)(A)(iii) for Counts 1 and 2 which involved 54 grams of crack. (Presentence Investigation Report §§9-10). In addition, Count 3 involved 48.8 grams of crack and carries a mandatory minimum sentence of 5 years pursuant to 21 U.S.C. §§841(b)(1)(B)(iii). *Id.*

On November 12, 2008, Defendant pleaded guilty to all 3 counts. (DN 20).

As explained by Defendant, "the Presentence Investigation Report (PSR) indicates that the

base offense level is 30 (Sentencing Guideline (USSG) §2D1.1(c)(5)) minus 3 levels for acceptance of responsibility (USSG §3E1.1(a)and (b)) for a total offense level of 27. (PSR §§20-29)." Defendant has two criminal history points, giving her a Criminal History Category of II. Her criminal history points are based upon convictions for operating on a suspended license in July 2001 and March 2002. (PSR §§33-35). The Guidelines Range for Counts 1and 2 is 78 - 97 months (PSR §59); however, pursuant to USSG §5G1.1(c)(2), the Guideline Range is replaced by the 10 year mandatory minimum required by 21 U.S.C. §§841(b)(1)(A)(iii). (PSR §59).

Defendant moves this Court to hold the mandatory minimum under section 841(b) unconstitutional in light of the Eighth Amendment, Fifth Amendment, and due process.

## DISCUSSION

Defendant asserts that the statutory minimum sentence in this case is unconstitutional in violation of the Eighth Amendment prohibition against cruel and unusual punishment, the Fifth Amendment equal protection clause, and due process. The United States maintains that the statutory minimum is constitutional and has repeatedly been held constitutional by the Sixth Circuit.

### I. Eighth Amendment

Defendant argues that the statutory minimum of ten years is in violation of the Eighth Amendment because it is grossly disproportionate to the crime and the defendant and thus constitutes cruel and unusual punishment. Defendant first asserts that ordinarily a first time drug offender would fall within the scope of the safety valve provision of 18 U.S.C. § 3553(f). Defendant asserts she meets the criteria of § 3553(f), with the exception of her criminal history because she has two criminal history points, rather than only one as required to qualify for safety valve. Defendant's two criminal history points stem from two criminal convictions in McCracken District Court for

operating on a suspended license both of which were conditionally discharged for two years. Defendant explains "[i]f either of defendant's sentences on those charges was conditionally discharged for 1 year or less, then it could not be counted in the criminal history calculation." (DN 47 at 4.) Defendant concludes that because she is rendered ineligible for relief by way of the safety valve, due to her traffic/misdemeanor convictions seven and eight years prior to this charge, for which she received a suspended sentence, the purposes of § 3553(f) are frustrated resulting in an extreme disparity between the crime and sentence. (DN 47 at 9.)[1]

Defendant relies on *U.S. v. Jones*, in arguing that the mandatory minimum is grossly disproportionate in her case, by attempting to distinguish it from her case . 569 F.3d 569 (6th Cir. 2009). The United States also relies on *Jones,* but for the proposition that the Sixth Circuit has specifically rejected the argument set forth by Defendant in this case. (DN 48 at 1.) In *Jones*, the defendant pleaded guilty to possession with intent to distribute fifty grams or more of crack cocaine. 569 F.3d at 571. On appeal, the defendant argued the "ten-year mandatory-minimum sentence imposed pursuant to 21 U.S.C. § 841(b)(1)(A)(iii) for possession with intent to distribute over fifty grams of cocaine base [was] so grossly disproportionate to the offense committed that, as applied to Jones, it amount[ed] to cruel and unusual punishment in violation of the Eighth Amendment." *Id.* at 573. The court stated that it has adopted the "narrow proportionality principle" set forth by Justice Kennedy in *Harmelin v. Michigan*, 501 U.S. 957 (1991)(Kennedy, J., concurring). *Id.* The

---

[1] Defendant argues in her reply that her convictions cannot be used in the criminal history computation because they were "conditionally discharged" and she was not put on probation which is required under §4A1.2(c)(1) for a conviction to be counted. The Court will not address this argument as this time as it does not alter the constitutionality of the mandatory minimum under 841(b), although it may alter the sentencing by making Defendant eligible for safety valve status. The Court will address this issue at a later time.

court explained, "[u]nder this approach . . . the eight amendment is offended only by an extreme disparity between crime and sentence." *Id.* (citing *Harmelin*, 501 U.S. at 996-1009). The court concluded by stating "we cannot say that this case presents the kind of extreme disparity between the sentence imposed and the crime committed that would offend the Eighth Amendment." *Id.* at 574.

Defendant attempts to distinguish *Jones* by stating that Jones had an offense level of 27, one criminal history point, but was ineligible for safety valve because his offense involved a firearm. Defendant also explains, "Jones's as-applied Eighth Amendment challenge, unlike defendant's, did not argue that his mandatory minimum sentence was 'grossly disproportionate' because it hinged on a misdemeanor that resulted in unsupervised probation; occurred more than 7 years ago; and ultimately deprived him of 'safety valve' status." (DN 47 at 5-6.) The United States contends that the case in *Jones* is very similar to the case at bar and the rationale of the Sixth Circuit should be adhered to in this case.

The Court finds the ten year mandatory minimum is not grossly disproportionate in violation of the Eighth Amendment. In *Jones*, the defendant was held responsible for 108.96 grams of crack cocaine while the defendant in this case is accountable for 102.8 grams. 569 F.3d at 571. In *Jones*, the defendant only had one criminal history point but had used a firearm, while in this case the defendant has two criminal history points, although there was no use of a firearm. *Id.* Both the defendant in *Jones* and the defendant in this case have a total offense level of 27. *Id.*

Finally, in *Jones,* the Sixth Circuit reasoned it was not enough that the defendant's history as an adult was relatively crime free or that he had scored just one criminal history point. *Id.* at 574. Similarly, in this case, it is not enough that had Defendant's prior misdemeanors been discharged

for less than one year she would have been eligible for safety valve. As reasoned by the United States, every defendant could argue that had they received fewer convictions or different prior sentences they would have been eligible for safety valve. (DN 48 at 2.) The Sixth Circuit has also noted that it has "consistently rejected Eighth Amendment challenges to section 841(b)." *U.S. v. Hill,* 79 F.3d 1477, 1488 (6th Cir. 1996). Following the binding precedent of the Sixth Circuit, the Court finds the statutory mandatory minimum as-applied in this case does not create "the kind of extreme disparity . . . that would offend the Eighth Amendment."

## II. Fifth Amendment Equal Protection

Defendant next asserts the mandatory minimum sentence violates equal protection under the Fifth Amendment. Defendant argues the disparity in treatment between individuals charged with crack cocaine offenses and powder cocaine offenses violates equal protection by treating similarly situated people different without a rational basis for doing so.

The Fifth Amendment, applicable to the federal government, "provides the same basic safeguards as the equal protection clause [of the Fourteenth Amendment] and the general principles of the latter apply to the former." *U.S. v. Craven*, 478 F.2d 1329, 1338 (6th Cir. 1973) *cert. denied* 414 U.S. 866 (1973) *abrogated on other grounds by Scarborough v. United States*, 431 U.S. 563 (1977). "The Equal Protection Clause protects against arbitrary classifications, and requires that similarly situated persons be treated equally. *Bowman v. U.S.*, 564 F.3d 765, 772 (6th Cir. 2008) (internal quotations omitted) (quoting *Jackson v. Jamrog*, 411 F.3d 615, 618 (6th Cir.2005)). An equal protection claim may be brought by an individual, as a "class of one", "where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562,

564 (2000). Defendant alleges there is no rational basis for subjecting similarly situated defendants, those who are charged with possession of powder cocaine, to less severe punishment than those who are charged with possession of cocaine base, or crack.

The Sixth Circuit addressed this equal protection argument in *U.S. v. Wimbley*. 553 F.3d 455, 463 (6th Cir. 2009). The court explained,

> Wimbley's third argument is that § 841 violates his right to the equal protection of the law under the Fifth Amendment because the quantity of crack cocaine that triggers the mandatory life sentence is significantly lower than the quantity for powder cocaine, and because the majority of the individuals convicted of offenses involving crack cocaine are black. This court has previously considered and rejected this equal-protection argument.

*Id.* (citing *United States v. Hill*, 79 F.3d 1477, 1488 (6th Cir.1996)). In *U.S. v. Hill*, the Sixth Circuit stated, "[t]his circuit has repeatedly found that the challenged provision of section 841(b) does not violate equal protection guarantees under the Fifth Amendment." 79 F.3d 1477, 1488 (6th Cir. 1996).

Defendant argues that *Wimbley's* "precedential value . . . has been substantially diluted because the landscape for crack cocaine sentencing has changed significantly since Wimbley was convicted in 2007." (DN 47 at 10.) In showing the changed landscape, Defendant points to decisions of the Sentencing Commission, Department of Justice opinions and documents, as well as other district courts and the Supreme Court. While much of this authority is persuasive, only the Supreme Court opinions listed are binding on this Court.

Defendant points to both *Kimbrough v. U.S.*, 552 U.S. 85 (2007), and *Spears v. U.S.*, 129 S. Ct. 840 (2009), for support. Defendant reasons that based on these decisions "the Supreme Court . . . recognize[s] that crack cocaine sentences are unnecessarily harsh and require some remedial steps to reduce the disparity between crack and powder cocaine sentences." (DN 47 at 13.) Each

of these cases involves the United States Sentencing Guidelines concerning crack cocaine and powder cocaine, more specifically the 100 to 1 ratio. *Kimbrough*, 552 U.S. at 90-91; *Spears*, 129 S. Ct. 840. The Supreme Court held that "district courts are entitled to reject and vary categorically from the crack-cocaine Guidelines based on a policy disagreement with those Guidelines." *Spears*, 129 S.Ct. at 843-44. The Court did not address in any way, or rule on the constitutionality of, the mandatory statutory minimum under § 841(b).

Following the decision in *Kimbrough*, the Sixth Circuit has addressed the arguments raised by Defendant here. In *U.S. v. Berry*, the court addressed the decision in *Kimbrough* stating,

> We have consistently held that the crack/powder disparity withstands constitutional scrutiny, including challenges based on due process, equal protection, and the Eighth Amendment. *See United States v. Blair*, 214 F.3d 690, 702 (6th Cir.2000), *cert. denied*, 531 U.S. 880, 121 S.Ct. 191, 148 L.Ed.2d 132 (2000); *United States v. Bingham*, 81 F.3d 617, 630-31 (6th Cir.1996) (equal protection); *United States v. Hill*, 79 F.3d 1477, 1488-89 (6th Cir.1996) (Eighth Amendment and equal protection); *United States v. Pickett*, 941 F.2d 411, 418-19 (6th Cir.1991) (Eighth Amendment and substantive due process). *Kimbrough* said nothing to suggest otherwise and provides no reason to reconsider our constitutional rulings on the facts of this case.

290 Fed. App'x 784, 793 (6th Cir. 2008).

The Court's decision in *Kimbrough* was more than a year prior to the Sixth Circuit opinion in *Wimbley*. The *Wimbley* court adhered to the circuit's prior conclusion and addressed the decision in *Kimbrough* stating,

> *Kimbrough* addresses a district court's discretion under the Sentencing Guidelines, and explicitly allows the sentencing court to take into account the Guidelines' disparate treatment of crack versus powder cocaine. But *Kimbrough* is inapposite here because Wimbley's sentence was set by a statutory mandatory minimum, not the advisory Sentencing Guidelines.

553 F.3d at 462 (internal citations omitted).

In fact, the Sixth Circuit very recently addressed this issue and again held the defendant's

equal protection challenge was "unequivocally foreclosed by [the Sixth Circuit's] published precedents." *U.S. v. Lockett*, No. 07-6403, 2009 WL 5084096,*13 (6th Cir. Dec. 29, 2009). Although this is only persuasive authority, as pointed out by Defendant, it is strong evidence that the Sixth Circuit remains steadfast in its upholding the constitutionality of the statutory mandatory minimum. Addressing the decision in *Kimbrough*, the court in *Lockett*, further explained,

> Moreover, *Kimbrough* itself held that when a district court is considering whether and to what extent it may impose a sentence different from that recommended by the Guidelines because it disagrees with the logic, fairness, or utility of the crack/powder ratio, it remains "constrained by the mandatory minimums Congress prescribed." In other words, the 18 U.S.C. § 3553(a) factors do not give a district court discretion to disobey a statutory mandatory minimum, whether because the court disagrees with the powder/crack disparity or for some other reason. This is merely an application of our Circuit's general rule that § 3553(a) factors do not apply to congressionally mandated sentences.

*Id.* at *13 (internal citations omitted). The Court finds, in light of Sixth Circuit precedent, the mandatory minimum in section 841(b) does not violate equal protection guarantees under the Fifth Amendment.

### III. Due Process

Finally, Defendant argues the mandatory minimum under section 841(b) violates substantive and procedural due process because it is arbitrary and irrational and under the circumstances it "shocks the conscience." (DN 47 at 17.) The United States contends the statute does not violate due process.

The Court finds this argument has similarly been foreclosed by Sixth Circuit precedent. In *U.S. v. Pickett*, the Sixth Circuit held that the crack/powder disparity does not violate the substantive component of due process. 941 F.2d 411, 418 (6th Cir. 1991); *see also U.S. v. Berry*, 290 Fed. App'x at 793.

The Court holds the mandatory minimum under section 841(b) is constitutional. Sixth Circuit precedent makes clear the mandatory minimum set forth by section 841(b) is constitutional and withstands Eighth Amendment, Fifth Amendment, and due process challenges. Each of Defendant's challenges is foreclosed by established Sixth Circuit precedent and therefore her motion must be denied.

**CONCLUSION**

For the foregoing reasons, IT IS HERE BY ORDERED Defendant's Motion is DENIED.